THE STATE OF OHIO, APPELLEE, *v.* SPISAK, APPELLANT.

[Cite as State *v.* Spisak (1988), 36 Ohio St. 3d 80.]

(No. 86-1099—Decided April 13, 1988.)

*John T. Corrigan,* prosecuting attorney, and *Patricia A. Cleary,* for appellee.

*Randall M. Dana,* public defender, *David C. Stebbins, Randall L. Porter, Richard J. Vickers* and *Kathleen A. McGarry,* for appellant.

*Per Curiam.* Pursuant to R.C. 2929.05(A), this court is required to review all cases in which the sentence of death has been imposed in the same manner in which we review other criminal cases and, in addition, to independently weigh the aggravating circumstances against the mitigating factors adduced at trial, and determine whether the sentence of death is appropriate in the case at bar. *State* v. *Maurer* (1984), 15 Ohio St. 3d 239, 15 OBR 379, 473 N.E. 2d 768. However, we are not required to consume limited judicial resources writing opinions which analyze time-worn legal arguments raised in a multiplicity of printed pages.[1] *State* v. *Poindexter* (1988), 36 Ohio St. 3d 1, 520 N.E. 2d 568. With these parameters in mind, we have reviewed each of appellant's sixty-four propositions of law and find them to be without merit. We affirm the judgment of the court of appeals and uphold appellant's sentence of death.

In propositions of law one, nineteen, fifty-four through fifty-six, sixty-two and sixty-four, appellant raises arguments which have previously been raised and rejected in the following cases: *State* v. *Jenkins* (1984), 15 Ohio St. 3d 164, 15 OBR 311, 473 N.E. 2d 264, certiorari denied (1985), 472 U.S. 1032; *Maurer, supra; State* v. *Buell* (1986), 22 Ohio St. 3d 124, 22 OBR 203, 489 N.E. 2d 795, certiorari denied (1986), 479 U.S. __, 93 L. Ed. 2d 165; *State* v. *Williams* (1986), 23 Ohio St. 3d 16, 23 OBR 13, 490 N.E. 2d 906, certiorari denied (1987), 480 U.S. __, 94 L. Ed. 2d 699; and *State* v. *Steffen* (1987), 31 Ohio St. 3d 111, 31 OBR 273, 509 N.E. 2d 383.

In propositions of law two through eight, ten through fifteen, seventeen, eighteen, twenty-one, twenty-two, twenty-four through thirty-six, thirty-eight through forty-one, forty-three through forty-seven, forty-nine, fifty-one through fifty-three, fifty-seven through sixty-one, and sixty-three, appellant raises arguments which we find to be not well-taken on the basis of our review of the record in light of the following authorities: *Maurer, supra; Donnelly* v. *DeChristoforo* (1974), 416 U.S. 637; *Darden* v. *Wainwright* (1986), 477 U.S. 168; *Strickland* v. *Washington* (1984), 466 U.S. 668; *Evitts* v. *Lucey* (1985), 469 U.S. 387; *State* v. *Smith* (1985), 17 Ohio St. 3d 98, 17 OBR 219, 477 N.E. 2d 1128; *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 2 O.O. 3d 495, 358 N.E. 2d 623; *State* v. *Staten* (1969), 18 Ohio St. 2d

---

[1] Appellant's merit brief, reply brief and attached appendix filed in this court comprise over nine hundred pages, all of which supplement a substantial, but average-sized, record of the proceedings in the lower courts. Although we do not presume to impose an arbitrary page limit on briefs in appeals from a sentence of death, we encourage the submission of concise, at least colorable, legal arguments, and conservative duplication of a record which we intend to exhaustively review on our own.

13, 47 O.O. 2d 82, 247 N.E. 2d 293; *State* v. *Pi Kappa Alpha Fraternity* (1986), 23 Ohio St. 3d 141, 23 OBR 295, 491 N.E. 2d 1129 (distinguished); *Payton* v. *New York* (1980), 445 U.S. 573 (distinguished); *Rawlings* v. *Kentucky* (1980), 448 U.S. 98; *State* v. *Rogers* (1986), 28 Ohio St. 3d 427, 28 OBR 480, 504 N.E. 2d 52, paragraph one of the syllabus (*Rogers II),* reversed on other grounds (1987), 32 Ohio St. 3d 70, 512 N.E. 2d 581; *Buell, supra; Wainwright* v. *Witt* (1985), 469 U.S. 412; *State* v. *Rogers* (1985), 17 Ohio St. 3d 174, 17 OBR 414, 478 N.E. 2d 984, paragraph three of the syllabus (*Rogers I),* reversed on other grounds (1987), 32 Ohio St. 3d 70, 512 N.E. 2d 581; *State* v. *Williams* (1983), 6 Ohio St. 3d 281, 6 OBR 345, 452 N.E. 2d 1323; *State* v. *Williams* (1986), *supra; State* v. *Byrd* (1987), 32 Ohio St. 3d 79, 512 N.E. 2d 611; *State* v. *Kidder* (1987), 32 Ohio St. 3d 279, 513 N.E. 2d 311; *Illinois* v. *Allen* (1970), 397 U.S. 337; *State* v. *White* (1968), 15 Ohio St. 2d 146, 44 O.O. 2d 132, 239 N.E. 2d 65, paragraph two of the syllabus (distinguished); Evid R. 404(B); *State* v. *Spikes* (1981), 67 Ohio St. 2d 405, 21 O.O. 3d 254, 423 N.E. 2d 1123; *Schade* v. *Carnegie Body Co.* (1982), 70 Ohio St. 2d 207, 24 O.O. 3d 316, 436 N.E. 2d 1001; *State* v. *Morales* (1987), 32 Ohio St. 3d 252, 513 N.E. 2d 267; *Maurer, supra,* paragraph seven of the syllabus; *State* v. *Graven* (1977), 52 Ohio St. 2d 112, 6 O.O. 3d 334, 369 N.E. 2d 1205; *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 16 O.O. 3d 169, 404 N.E. 2d 144; *State* v. *Thompson* (1981), 66 Ohio St. 2d 496, 20 O.O. 3d 411, 422 N.E. 2d 855 (distinguished); *State* v. *Mann* (1985), 19 Ohio St. 3d 34, 19 OBR 28, 482 N.E. 2d 592; *State* v. *Ferguson* (1983), 5 Ohio St. 3d 160, 5 OBR 380, 450 N.E. 2d 265; *Estelle* v. *Smith* (1981), 451 U.S. 454; *Steffen, supra;* R.C. 2945.39(D); *Doyle* v. *Ohio* (1976),

426 U.S. 610 (distinguished); *Wainwright* v. *Greenfield* (1986), 474 U.S. 284 (distinguished); *State* v. *Fanning* (1982), 1 Ohio St. 3d 19, 1 OBR 57, 437 N.E. 2d 583; *Carter* v. *Kentucky* (1980), 450 U.S. 288 (distinguished); *State* v. *Price* (1979), 60 Ohio St. 2d 136, 14 O.O. 3d 379, 398 N.E. 2d 772, paragraph four of the syllabus; *State* v. *DeMarco* (1987), 31 Ohio St. 3d 191, 31 OBR 390, 509 N.E. 2d 1257 (distinguished); *Chapman* v. *California* (1967), 386 U.S. 18.

Finally, in propositions of law nine, sixteen, twenty, twenty-three, thirty-seven, forty-two, forty-eight and fifty, appellant raises arguments which we find to be wholly without support in the record. In addition, appellant neither timely objected to nor raised below the errors alleged in propositions of law twenty-one, twenty-two, twenty-nine, thirty, thirty-nine, fifty-one, fifty-two and fifty-three, and has thus waived them: *State* v. *Williams* (1977), 51 Ohio St. 2d 112, 5 O.O. 3d 98, 364 N.E. 2d 1364, vacated in part on other grounds (1978), 438 U.S. 911; *Schade, supra; Fanning, supra; State* v. *Scott* (1986), 26 Ohio St. 3d 92, 26 OBR 79, 497 N.E. 2d 55. Our review of the record in each instance has failed to establish the presence of plain error. *State* v. *Long* (1978), 53 Ohio St. 2d 91, 7 O.O. 3d 78, 372 N.E. 2d 804, paragraph three of the syllabus; *Scott, supra,* at 103, 26 OBR at 88-89, 497 N.E. 2d at 64.

In summary, we find no merit in the propositions of law raised by appellant relevant to the proceedings below or to the constitutionality of this state's death penalty scheme. Proceeding to our independent weighing of the aggravating circumstances and mitigating factors presented herein, we note that appellant's three aggravated murder convictions specify fifteen separate aggravating circumstances

under R.C. 2929.04. However, as pointed out by appellant in his first proposition of law, for purposes of sentencing the doctrine of merger applies herein. *State* v. *Jenkins, supra,* paragraph five of the syllabus. Each aggravated murder count should thus contain only one specification that appellant's acts were part of a course of conduct involving the purposeful killing of or attempt to kill two or more persons. R.C. 2929.04(A)(5). Similarly, specifications pursuant to R.C. 2929. 04(A)(3) (escaping detection, apprehension, trial or punishment) and R.C. 2929.04(A)(7) (felony murder) are duplicative of and thus merge with R.C. 2929.04(A)(5), since these aggravating circumstances arise from the same indivisible course of conduct. Although the court of appeals did not apply the merger doctrine below, we have determined that the jury's consideration of the duplicative aggravating circumstances during sentencing did not affect their verdict. *Jenkins, supra.* Furthermore, we have independently determined that the remaining aggravating circumstances outweigh the mitigating factors beyond a reasonable doubt.

Of the mitigating factors specified in R.C. 2929.04(B) appellant relied solely on his allegation that he lacked, due to a mental disease or defect, substantial capacity to appreciate the criminality of his conduct or to conform his conduct to the law at the time of committing the offenses. R.C. 2929.04(B)(3). Although there was testimony that appellant had characteristics of borderline and schizotypal personality disorders, the bulk of the testimony, from both defense and rebuttal expert witnesses, established that appellant was sane at the time of the acts, that he could have refrained from committing them, had he so chosen, and that he understood the nature of his acts but elected to carry them out anyway.

Appellant admitted to being the principal offender in three murders and two attempted murders. He did not have a significant history of prior criminal convictions or juvenile adjudications, nor was his age a factor. He was not under duress, coercion or strong provocation at the time of the crimes. His victims neither facilitated nor induced the offenses. Nothing in the nature and circumstances of these deliberate murders tempers the gravity of the offenses. We concur with the jury and lower courts that the balance of these factors lies heavily, and beyond reasonable doubt, on the side of the aggravating circumstances of which the appellant was convicted.

Finally, considering all our prior decisions affirming a sentence of death, appellant's sentence was not arbitrarily, freakishly or capriciously applied, and is not disproportionate to such prior sentences. Although the majority of such decisions involved a single victim, in *State* v. *Brooks* (1986), 25 Ohio St. 3d 144, 25 OBR 190, 495 N.E. 2d 407, we affirmed a death sentence involving the murder of defendant's three sons. In the case *sub judice,* the sentence of death was properly imposed upon appellant.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, WHITESIDE, HOLMES and H. BROWN, JJ., concur.

DOUGLAS and WRIGHT, JJ., concur in judgment only.

WHITESIDE, J., of the Tenth Appellate District, sitting for LOCHER, J.

DOUGLAS, J., concurring. I write separately for the sole purpose of expressing my view that the doctrine of waiver is not applicable to cases where the penalty of death has been imposed.