THE STATE OF OHIO, APPELLEE, *v.* SPISAK, APPELLANT.

[Cite as *State v. Spisak* (1995), 73 Ohio St.3d 151.]

(No. 95–77—Submitted April 24, 1995—Decided August 16, 1995.)

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, *Richard J. Vickers* and *Kathleen McGarry,* Assistant Public Defenders, for appellant.

*Per Curiam.* Under App.R. 26(B)(2)(b), an application for reopening requires "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment." In *State v. Reddick* (1995), 72 Ohio St.3d 88, 90, 647 N.E.2d 784, 786, we held that an applicant who seeks to "reopen an appellate judgment journalized before July 1, 1993, may not simply rely on the fact that App.R. 26(B) did not exist within the ninety days

following journalization of the appellate judgment, but must show good cause why he * * * did not attempt to invoke the procedures available under former App.R. 26 and (14)(B)." Appellant seeks to reopen the appellate judgment of July 19, 1984, but fails to show good cause for nearly ten years' delay. We agree with the court of appeals that the application to reopen must be denied as untimely upon its face.

The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.