[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 151.]

THE STATE OF OHIO, APPELLEE, v. SPISAK, APPELLANT.

[Cite as *State v. Spisak*, 1995-Ohio-4.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish good cause for failing to file within ninety days after journalization of the court of appeals' decision affirming the conviction, as required by App.R. 26(B).*

(No. 95-77—Submitted April 24, 1995—Decided August 16, 1995.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 47458 and 47459.

————————

{¶ 1} Appellant, Frank G. Spisak, Jr., was convicted of four counts of aggravated murder, two counts of attempted murder, and one count of aggravated robbery with various specifications, and sentenced to death. The court of appeals modified the conviction to three counts of aggravated murder because two of the four murder convictions were allied offenses of similar import, and otherwise affirmed the judgment of the trial court. *State v. Spisak* (July 19, 1984), Cuyahoga App. Nos. 47458 and 47459, unreported. After a remand, the court of appeals reaffirmed. *State v. Spisak* (July 15, 1985), Cuyahoga App. Nos. 47458 and 47459, unreported. This court affirmed appellant's conviction. *State v. Spisak* (1988), 36 Ohio St.3d 80, 521 N.E.2d 800. On March 6, 1989, the United States Supreme Court denied appellant's petition for certiorari. *Spisak v. Ohio* (1989), 489 U.S. 1071, 109 S.Ct. 1354, 103 L.Ed.2d 822.

{¶ 2} On March 11, 1994, appellant filed an application to reopen under App. R. 26(B). The court of appeals denied the application, and this appeal followed.

————————

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for appellee.

*David H. Godiker*, Ohio Public Defender, *Richard J. Vickers* and *Kathleen McGarry*, Assistant Public Defenders, for appellant.

———————————

*Per Curiam.*

**{¶ 3}** Under App. R.26(B)(2)(b), an application for reopening requires "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment."  In *State v. Reddick* (1995), 72 Ohio St.3d 88, 90, 647 N.E.2d 784, 786, we held that an applicant who seeks to "reopen an appellate judgment journalized before July 1, 1993, may not simply rely on the fact that App. R. 26(B) did not exist within the ninety days following journalization of the appellate judgment, but must show good cause why he * * * did not attempt to invoke the procedures available under former App. R. 26 and (14)(B)." Appellant seeks to reopen the appellate judgment of July 19, 1984, but fails to show good cause for nearly ten years' delay.  We agree with the court of appeals that the application to reopen must be denied as untimely upon its face.

**{¶ 4}** The judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————