[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
Under App.R. 26(B), William Sanderfer, the applicant, is attempting to reopen the judgment of this court which affirmed his conviction for one count of aggravated murder (R.C. 2903.01), three counts of aggravated robbery (R.C. 2911.01), and two counts of felonious assault (R.C.2903.11). We deny the application.
App.R. 26(B)(2)(b) mandates that Sanderfer must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening.[1] He attempts to reopen our judgment, journalized on June 28, 1993, more than seven years later, but has failed to establish "a showing of good cause" for the untimely filing.[2]
Sanderfer's application for reopening is fatally defective and must be denied.
The doctrine of res judicata also prevents the reopening of Sanderfer's original appeal. Errors of law that were either previously raised or could have been raised upon appeal may be barred from further review.[3] The Supreme Court of Ohio has also held that a claim of ineffective assistance of appellate counsel may be barred from further review, by the doctrine of res judicata, unless circumstances render the application of the doctrine unjust.[4]
Sanderfer argues that his appeal should be reopened based upon the following eight proposed assignments of error:
 I. APPELLATE COUNSEL FAIL (sic) TO RAISE AND LITIGATE, INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 II. APPELLATE COUNSEL FAIL (sic) TO RAISE AND LITIGATE, INEFFECTIVE ASSISTANCE FOR FAILING TO CALL DEFENDANT'S WITNESSES, GEORGE HARLEY, DOUGLAS HOUSTON, AND DANNELL PARKER, WHO WOULD HAD (sic) CAME (sic) FORWARD AND TESTIFY AS TO THE TRUTH ON DEFENDANT'S BEHALF.
 III. APPELLATE COUNSEL FAIL (sic) TO PREPARE, INTERVIEW, AND INVESTIGATE DEFENDANT'S WITNESSES, GLORIA SANDERFER, GLADYS SANDERFER, GEORGE HARLEY, DOUGLAS HOUSTON, DANNEL PARKER, SHERRY LOY, AND LANCE DEALDAY.
 IV. APPELLATE COUNSEL FAIL (sic) TO RAISE AND LITIGATE TRIAL COUNSEL (sic) INEFFECTIVENESS IN FAILING TO REQUEST A CONTINUANCE TO PREPARE, INTERVIEW, AND EXAMINATION OF THE STATE'S WITNESS DET. HAMILTON WHO WAS NOT PLACED ON THE WITNESS LIST PRIOR TO DEFENDANT'S TRIAL IN VIOLATION OF DEFENDANT' DUE PROCESS RIGHT UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS.
 V. APPELLATE COUNSEL FAIL (sic) TO RAISE AND LITIGATE TRIAL COUNSEL'S FAILURE TO PRESERVE OR INCLOSE THE NEWSPAPER ARTICLE ON THE RECORD, SUCH ERROR PREJUDICED DEFENDANT-APPELLANT.
 VI. APPELLANT COUNSEL FAIL TO RAISE AND LITIGATE TRIAL COURT' S ERRED, WHEN THE TRIAL COURT SENTENCED APPELLANT CONSECUTIVELY ON ALLIED OFFENSES OF SIMILAR IMPORT, AND THUS VIOLATES R.C. 2941.25, HIS STATE AND FEDERAL CONSTITUTION.
 VII. APPELLATE COUNSEL FAILED TO RAISE AND LITIGATE COUNSEL (sic) INEFFECTIVENESS FOR FAILURE TO QUESTION THE STATE (sic) WITNESS MICHAEL RAMSEY CONCERNING HIS EYE SIGHT AND GLASSES, OR, IF IN FACT HE DOES WEAR PRESCRIBED (sic) GLASSES (sic), OR HAD HE HAD A EYE OR SIGHT CONDICTION (sic) THAT MIGHT PREVENT HIM FROM SEEING CORRECTLY AND THUS PREJUDICED APPELLANT FROM HAVING A FAIR TRIAL.
 VIII. APPELLATE COUNSEL FAIL (sic) TO RAISE AND LITIGATE, TRIAL COUNSEL, INEFFECTIVENESS FOR FAILURE TO OBJECT TO THE STATE PROSECUTOR'S PREJUDICIAL STATEMENT, "YOU CAN HAVE PEOPLE ACTUALLY ARGUING THAT SOMETHING IS BLACK WHEN SOMETHING IS WHITE," (TR.888-899) AND THUS THE PROSECUTOR'S STATEMENT TO THE JURY PREJUDICED, AND DISCRIMINATE TO APPELLANT, AS APPELLANT IS BLACK, WHILE ALL THE SELECTED JURUS (sic) WERE WHITE AND WAS NOT OF APPELLANT'S PEER, THUS VIOLATED APPELLANT DUE-PROCESS RIGHT UNDER THE STATE AND FEDERAL CONSTITUTION.
With the exception of the issues of allied offenses of similar import and prejudicial statement as made by the prosecutor, each of the aforesaid issues, were raised, argued and found to be without merit in Sanderfer's original appeal.[5] The doctrine of res judicata thus bars any further review of those issues.[6]
Finally, a substantive review of Sanderfer's two remaining proposed assignments of error fails to demonstrate ineffective assistance of appellate counsel. In an appeal to this court, a lawyer is not required to argue assignments of error which are meritless.[7] Consideration of the two proposed assignments of error, which deal with the issues of allied offenses of similar import and prejudicial statements of the prosecutor, would not have resulted in a reversal of the applicant's conviction for the offenses of aggravated murder, aggravated robbery and felonious assault.[8] The offenses of aggravated murder, aggravated robbery and felonious assault are not allied offenses of similar import and thus the sentence of incarceration imposed by the trial court was correct.[9] In addition, we find no prejudice associated with the prosecutor's statement which simply contained the words of "black" and "white," since the statement was not directed at Sanderfer but related to a summation of the evidence adduced during the course of trial.[10]
We deny the application for reopening.
 ________________________ ANNE L. KILBANE, JUDGE:
TIMOTHY F. McMONAGLE. P.J. and JAMES D SWEENEY. J. CONCUR.
[1] See, also, State v. Cooey (1995), 73 Ohio St.3d 411,653 N.E.2d 252; State v. Reddick (1995), 72 Ohio St.3d 88, 647 N.E.2d 784.
[2] State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317, 649 N.E.2d 1226.
[3] See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph one of the syllabus.
[4] State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E. 1204.
[5] See State v. Sanderfer (June 19, 1993), Cuyahoga App. No. 62618, unreported.
[6] State v. Dehler (1995), 73 Ohio St.3d 3071 652 N.E.2d 987.
[7] Jones v. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308,77 L.E.2d 987.
[8] Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 801 Ed.2d 674; State v. Smith (1985), 17 Ohio St.3d 98,477 N.E.2d 1128; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299,209 N.E.2d 164.
[9]R.C. 2941.25; State v. Blankenship (1988), 38 Ohio St.3d 116,526 N.E.2d 816.
[10] State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492;State v. Mann (1993), 93 Ohio App.3d 301, 638 N.E.2d 585.