JOURNAL ENTRY AND OPINION
Edward J. Hyde, Jr., the applicant, has filed an application for reopening pursuant to App.R. 26(B). Hyde is attempting to reopen the appellate judgment, as rendered by this Court in State v. Hyde (Jan. 11, 2001), Cuyahoga App. No. CA-77592, unreported, which affirmed his plea of guilty to one count of aggravated vehicular homicide (R.C. 2903.06) and three counts of aggravated vehicular assault (R.C. 2903.08). For the following reasons, we decline to reopen Hyde's appeal.
App.R. 26(B)(2)(b) provides that Hyde must demonstrate "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening. See, also, State v. Cooey (1995), 73 Ohio St.3d 411,653 N.E.2d 252; State v. Reddick (1995), 72 Ohio St.3d 88, 647 N.E.2d 784. Herein, Hyde is attempting to reopen the appellate judgment that was journalized on January 22, 2001. Hyde's application for reopening, however, was not filed until April 25, 2001, more than ninety days after journalization of the appellate judgment which affirmed his plea of guilty to the offenses of aggravated vehicular homicide and aggravate vehicular assault. Hyde has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. Thus, Hyde's application for reopening is fatally defective and must be denied. statev. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (2994),69 Ohio St.3d 1481, 634 N.E.2d 1027; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317, 649 N.E.2d 1226.
The doctrine of res judicata also prevents this Court from granting Hyde's application for reopening. Errors of law that were either previously raised or could have been raised upon appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, 195 N.E.2d 103, paragraph one of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred from further review, by the doctrine of res judicata, unless circumstances render the application of the doctrine unjust. State v. Murnahan
(1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
Herein, Hyde did file an appeal, pro se, with the Supreme Court of Ohio and either raised or could have raised the constitutional issue of ineffective assistance of appellate counsel. The Supreme Court of Ohio, however, dismissed Hyde's appeal on or about June 11, 2001. Since the issue of ineffective assistance of appellate counsel was raised or could have been raised on appeal to the Supreme Court of Ohio, res judicata now bars any further litigation of the claim. State v. Dehler (1995),73 Ohio St.3d 307, 652, N.E.2d 987; State v. Terrell (1995),72 Ohio St.3d 247, 648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793. We further find that the application of the doctrine of res judicata is just.
Finally, the two proposed assignments of error, as raised by Hyde in support of his claim of ineffective assistance of counsel, were previously raised before this Court upon direct appeal. On appeal, this Court examined the following issues: 1) plea of guilty was not knowing, intelligent and voluntary; 2) maximum sentence of incarceration, as imposed by the trial court, violated R.C. 2929.14(B), 2929.14(C) and2929.19(B)(2)(e); 3) ineffective assistance of trial counsel; and 4) trial court failed to comply with the sentencing requirement of R.C.2929.19(b)(3)(c) which requires advising Hyde as to post-release controls and sanctions.
Hyde, through his two proposed assignments of error, raises the issues of improper sentencing by the trial court. The issues of improper sentencing, however, were previously raised upon direct appeal and found to be without merit. Once again, res judicata bars further review of the issues of improper sentencing by the trial court State v. Murnahan,supra. We further find that Hyde was not deprived of the guarantee of effective assistance of appellate counsel. Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674; Jones v. Barnes
(1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987; State v. Smith
(1985), 17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 209 N.E.2d 164.
Accordingly, Hyde's application for reopening is denied.
MICHAEL J. CORRIGAN. P.J., AND PATRICIA A. BLACKMON. J. CONCUR.