[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 88.]

THE STATE OF OHIO, APPELLEE, *v*. REDDICK, APPELLANT.

[Cite as *State v. Reddick*, 1995-Ohio-249.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish good cause for failing to file within ninety days after journalization of the court of appeals' decision affirming the conviction, as required by App.R. 26(B).*

(No. 94-2056—Submitted February 7, 1995—Decided April 26,1995.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 50814.

_____

{¶ 1} In 1985, appellant, Ocie Reddick, was convicted of aggravated murder with gun and mass murder specifications and attempted murder with a gun specification and sentenced to consecutive terms of imprisonment of twenty years to life on the aggravated murder conviction, three years' actual incarceration on a single gun specification, and ten to twenty-five years on the attempted murder conviction with ten years' actual incarceration. The Court of Appeals for Cuyahoga County affirmed the convictions and sentences. *State v. Reddick* (May 7, 1987), Cuyahoga App. No. 50814, unreported.

{¶ 2} It is agreed that on August 31, 1993, appellant filed an application to reopen his appeal in the court of appeals, alleging the ineffective assistance of his appellate counsel for failure to raise errors apparent on the face of the record. The court of appeals struck appellant's first application, but granted leave to file an amended application, which appellant did within the time allotted. The court of appeals then considered the amended application and denied it for failure to show good cause why the application was not filed within ninety days after the appellate judgment sought to be reopened was journalized, as required by App. R. 26 (B) (2)

(b).[1]  Appellant appeals the denial to this court, contending that requiring him to comply with App. R. 26 (B) (2) (b) denies him due process of law.

_____

*Stephanie Tubbs Jones*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for appellee.

*Paul Mancino, Jr.*, for appellant.

_____

**Per Curiam.**

{¶ 3} The court of appeals held that appellant is required to show good cause why he did not file an application to reopen his appellate judgment, even though it was journalized over six years before App. R. 26 (B) took effect on July 1, 1993.  Appellant argues that to apply the good-cause requirement of App. R. 26 (B) (2) (b) to him is a denial of due process of law under the Fourteenth Amendment to the Constitution of the United States.  We agree with the court of appeals for the following reasons.

{¶ 4} App. R. 26 (B) took effect on July 1, 1993.  Appellant's application to reopen his appeal was effectively filed nunc pro tunc on August 31, 1993.  It is therefore subject to the rule.

{¶ 5} App. R. 26 (B) (2) (b) requires an application filed more than ninety days after journalization of the appellate judgment sought to be reopened to show good cause for the untimely filing.  The judgment appellant seeks to reopen was

_____

1.  App. R.26(B) states in part:

"(1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

"(2) An application for reopening shall contain all of the following:

"* * *

"(b) a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment * * *."

filed on May 7, 1987. Appellant's amended application makes no attempt to establish good cause. Therefore, facially, it violates App. R. 26 (B) (2) (b).

{¶ 6} Appellant argues, however, that due process requires App. R. 33(M) to be invoked. This rule states that amendments to the Rules of Appellate Procedure that took effect on July 1, 1993 govern proceedings brought after that date, "except to the extent that their application in a particular action *pending when the amendments take effect* would not be feasible or would work injustice, in which case the former procedure applies." (Emphasis added.) We reject this argument. Appellant's action was not pending on July 1, 1993.

{¶ 7} Appellant also argues that the procedure prescribed in *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, not App. R. 26 (B), should apply to him. We agree in part. In *Murnahan*, we held, in paragraph three of the syllabus, that a person claiming ineffective assistance of appellate counsel could present his claims under App. R. 26 (now App. R. 26 [A]) and App. R. 14 (B). Former App. R. 26 provided for a motion for reconsideration before the judgment was filed with the clerk for journalization or within ten days after announcement of the court's decision, whichever was earlier. Former App. R. 14 (B) provided for an enlargement of time to do an act "for good cause shown." Hence, a requirement to show good cause for failure to file a timely claim of ineffective assistance of appellate counsel has existed at least since *Murnahan* was decided and arguably before, as *Murnahan* procedure was based on then-extant rules.

{¶ 8} We hold, therefore, that the good-cause requirement of App. R. 26 (B) succeeds and incorporates the good-cause requirement of *Murnahan* and former App. R. 14 (B). Accordingly, an applicant who seeks to reopen an appellate judgment journalized before July 1, 1993 may not simply rely on the fact that App. R. 26 (B) did not exist within the ninety days following jounalization of the appellate judgment, but must show good cause why he or she did not attempt to invoke the procedures available under former App. R. 26 and 14 (B). Neither

*Murnahan* nor App. R. 26 (B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals. Rather, both were intended to allow the belated presentation of colorable claims that defendants/appellants were prevented from presenting timely by particular circumstances. Lack of effort or imagination, and ignorance of the law, are not such circumstances and do not automatically establish good cause for failure to seek timely relief.

{¶ 9} In the present case, appellant made no attempt to show good cause why he did not file an appropriate motion or application for relief for over six years after the appellate judgment he now seeks to reopen was journalized. Accordingly, we hold that he did not comply with App. R. 26 (B) (2) (b), and the court of appeals correctly denied his application to reopen his appeal.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____