[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 315.]

THE STATE OF OHIO, APPELLEE, *v*. HUMPHREY, APPELLANT.

[Cite as *State v. Humphrey*, 1995-Ohio-7.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to establish good cause for failing to file his application within ninety days after journalization of the court of appeals' decision affirming the conviction, as required by App.R. 26(B).*

(No. 94-2736—Submitted March 21, 1995—Decided June 14, 1995.)

Appeal from the Court of Appeals for Montgomery County, No. 12189[1].

_____

{¶ 1} Appellant, Paul M. Humphrey, was convicted of aggravated robbery with a firearm specification and having a weapon while under disability with a firearm specification and prior offense of violence specifications. The Court of Appeals for Montgomery County affirmed the judgment of the trial court. *State v. Humphrey* (Jan. 13, 1987), Montgomery App. Nos. 9912 and 9900, unreported, 1987 WL 5527.

{¶ 2} On October 5, 1994, more than seven and one-half years after his convictions were affirmed, appellant filed an application to reopen his appeal under *State v. Murnahan* (1992), 63 Ohio St. 3d 60, 584 N.E. 2d 1204, alleging ineffective assistance of appellate counsel for failure to raise the following issues: (1) the trial court's failure to instruct the jury on the definition of "firearm," (2) trial counsel's ineffectiveness for failure to object to an allegedly prejudicial statement by the

_____

1. Appellate case No. 12189 is the number assigned to appellant's post-conviction-related appeals. Appellate case No. 9912 is the number assinged to appellant's initial direct appeal. However, the record is clear that appellant seeks to reopen his direct appeal (case No. 9912) and that the appellate court denied that application, albeit under case No. 12189.

prosecution, (3) trial counsel's ineffectiveness for failure to request a continuance to produce an alibi witness, and (4) trial counsel's ineffectiveness for failure to object to the in-court identification of appellant by the victim.

{¶ 3} The court of appeals held that appellant had failed to show good cause for an untimely filing of the application under App. R. 26 (B) (2) (b) and denied the application.  Appellant now appeals to this court.

————————————

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *George A. Katchmer*, Assistant Prosecuting Attorney, for appellee.

*Paul M. Humphrey*, *pro se*.

————————————

***Per Curiam.***

{¶ 4} The decision of the court of appeals is affirmed on authority of *State v. Reddick* (1995), 72 Ohio St.3d 88, 647 N.E.2d 784.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

————————————