[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 408.]

THE STATE OF OHIO, APPELLEE, *v*. CARPENTER, APPELLANT.

[Cite as *State v. Carpenter*, 1996-Ohio-279.]

*Appellate procedure—Application for reopening appeal from judgment and convictions based on claim of ineffective assistance of appellate counsel—Application denied when applicant fails to establish good cause for failing to file within ninety days after journalization of the court of appeals' decision affirming the convictions, as required by App.R. 26(B).*

(No. 95-1129—Submitted October 24, 1995—Decided January 31, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 90AP-803.

———————————

{¶ 1} Appellant, Robert Carpenter, was convicted of aggravated murder and aggravated robbery and was sentenced to concurrent terms of imprisonment of thirty years to life and ten to twenty years, respectively. He appealed, and his convictions were affirmed. *State v. Carpenter* (Mar. 12, 1991), Franklin App. No. 90AP-803, unreported.

{¶ 2} In 1994, appellant filed an application to reopen his direct appeal under App.R. 26(B), claiming ineffective assistance of appellate counsel. As good cause for failing to file within ninety days of journalization of the judgment sought to be reopened, as required by App.R. 26(B)(2)(b), appellant stated that he was unaware he could raise an assignment of error related to sufficiency of the evidence. The court of appeals found that this reason did not constitute good cause, and appellant appealed its decision to this court.

———————————

*Michael Miller*, Franklin County Prosecuting Attorney, and *Steven L. Taylor*, Assistant Prosecuting Attorney, for appellee.

*Dennis C. Belli*, for appellant.

---

***Per Curiam.***

{¶ 3} The judgment of the court of appeals is affirmed on authority of *State v. Reddick* (1995), 72 Ohio St.3d 88, 647 N.E.2d 784.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

---