Defendant, Willie Drake, has filed an application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v.Drake(Jan. 30, 1997), Cuyahoga App. No. 70275, unreported. In that opinion, we affirmed the defendant's convictions for the offenses of aggravated burglary (R.C. 2911.11) with a firearm specification amid an aggravated felony specification, felonious assault (R.C. 2903.11) with a firearm specification and an aggravated felony specification, having weapons while under disability (R.C. 2923.13), possession of criminal tools (R.C.2923.24) with a violence specification, and aggravated robbery (R.C. 2911.01) with a firearm specification and an aggravated felony specification. We decline to reopen Drake's original appeal for the following reasons.
As mandated by App.R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment which is subject to reopening. State v.Cooey(1995), 73 Ohio St.3d 411; State v. Reddick(1995), 72 Ohio St.3d 88.
Here, Drake is attempting to reopen the appellate judgment that was journalized on February 10, 1997. He did not file his application for reopening until March 8, 1999, more than two years after journalization of this appellate judgment in State v.Drake, supra. Thus, the application for reopening is untimely on its face.
In an attempt to establish "a showing of good cause" for the untimely filing of his application for reopening, Drake argues lack of legal knowledge and lack of legal counsel. This court and the Supreme Court of Ohio have firmly established that a lack of legal knowledge and lack of legal counsel are not viable grounds for establishing "good cause" for the untimely filing of an application for reopening. State v. Klein(Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481;State v. Trammell(July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis(Apr. 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317; State v. Durr(Dec. 7, 1989), Cuyahoga App. No. 57140, unreported, reopening disallowed (July 6, 1994), Motion No. 40924, affirmed (1994), 71 Ohio St.3d 395; State v. Allen(Nov. 3, 1994), Cuyahoga App. No. 65806, unreported, reopening disallowed (July 8, 1996), Motion No. 67054. Drake's application for reopening is fatally defective and must be denied.
The doctrine of res judicata also prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of resjudicata. See, generally, State v. Perry(1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. The Supreme Court of Ohio has further established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata
unless circumstances render the application of the doctrine unjust. State v. Murnahan(1992), 63 Ohio St.3d 60.
Drake possessed a prior opportunity-to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. In fact, Drake, through counsel different from counsel assigned in the original appeal before this court, filed an appeal with the Supreme Court of Ohio and through it raised or could have raised the constitutional issue of ineffective assistance of appellate counsel. The Supreme Court of Ohio, however, dismissed that appeal on June 18, 1997. The doctrine of res judicata now bars any further litigation of that claim. State v. Dehler(1995), 73 Ohio St.3d 307; State v.Terrell(1995), 72 Ohio St.3d 247; State v. Smith(Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793. We further find that there exist no circumstances which render the application of the doctrine of res judicata unjust. State v. Murnahan, supra.
Finally, a substantive review of the application for reopening fails to support Drake's claim of ineffective assistance of appellate counsel. Appellate counsel, in an appeal to this court, is not required to argue assignments of error that are meritless or frivolous. Jones v. Barnes(1983), 463 U.S. 745. This court's consideration of Drake's two proposed assignments of error in the direct appeal, which deal with the alleged health problems of trial counsel and the decision of trial counsel not to present an alibi witness, would not have resulted in a reversal of Drake's convictions for the offenses of aggravated burglary, felonious assault, having weapons while under disability, possession of criminal tools, and aggravated robbery. Thus, appellate counsel was not ineffective upon appeal to this court by failing to raise the issue of trial counsel's health during the course of trial and the decision of trial counsel not to call an alibi witness during the course of trial. Strickland v. Washington(1984),466 U.S. 668; State v. Smith(1985), 17 Ohio St.3d 98; Vaughn v.Maxwell(1965), 2 Ohio St.2d 200.
Accordingly, Drake's application for reopening is denied.
DIANE KARPTNSKI. P.J., AND KENNETH A. ROCCO. J., CONCUR
 ___________________________________ ANNE L. KILBANE, JUDGE