JOURNAL ENTRY AND OPINION
On October 1, 1999, the applicant, Willie Richardson, applied to reopen this court's judgments in State of Ohio v. WillieRichardson (July 19, 1999), Cuyahoga App. Nos. 74443, 74444 and 74445, unreported, in which this court affirmed Mr. Richardson's convictions and sentences for theft, attempted robbery and robbery. Although the State of Ohio did not file a brief in opposition to this application, the court for the following reasons denies the application, sua sponte.
 PROCEDURAL AND FACTUAL BACKGROUND
In State of Ohio v. Willie Richardson, Cuyahoga County Common Pleas Court Case No. CR. 341220, the Grand Jury in July 1996, indicted Mr. Richardson on one count of theft with a previous violence specification arising out of a June 27, 1996 incident at the K-Mart in Euclid, Ohio. (Case 1.) In State of Ohio v. WillieRichardson, Cuyahoga County Common Pleas Case No. CR. 343510, the Grand Jury in early October 1996, indicted Mr. Richardson on one count of robbery arising out of a July 17, 1996 incident at the Super America on Brookpark Road in Cleveland, Ohio. (Case 2.) InState of Ohio v. Willie Richardson, Cuyahoga County Common Pleas Court Case No. CR. 346800, the Grand Jury in January 1997, indicted Mr. Richardson on one count of robbery arising out of an October 28, 1996 incident at the Finast grocery store on Superior Avenue in Cleveland, Ohio. (Case 3.)
The trial court appointed counsel for Mr. Richardson. In Case 1 on September 9, 1996, he pleaded guilty to theft; the prosecutor amended the indictment to delete the previous violence specification. On May 1, 1997, in Case 2 the prosecutor amended the indictment to the lesser included offense of attempted robbery. Mr. Richardson pleaded guilty to that charge in Case 2 and robbery in Case 3. The trial court ordered a presentence investigation and scheduled sentencing for June 3, 1997.
Between May 1 and June 3, 1997, Mr. Richardson retained private counsel. On May 12, 1997, he filed a pro se motion for discovery and inspection.[1] On May 27, 1997, his retained counsel moved to withdraw the guilty pleas on the grounds that Mr. Richardson was in fact not guilty, that he did not understand the consequences of the plea and that the plea was neither knowing nor voluntary. On June 2, 1997, Mr. Richardson filed a pro se
motion to withdraw his guilty pleas for ineffective assistance of counsel during arraignment.
Mr. Richardson and his retained counsel appeared at the scheduled sentencing hearing. The trial judge summarized the previous proceedings and then asked whether Mr. Richardson wanted to withdraw his guilty plea. Retained counsel replied, "Yes." The trial judge then said: "Great. If I enter the Journal Entry vacating the guilty plea, I am not taking a plea bargain on any of these files, at any time, in the future. So you think about what you are doing, sir. *** You go and talk to him in the lock-up. We don't have to do this right now."
At the subsequent hearing on June 12, 1997, the following exchange took place:
***
 THE COURT: *** On behalf of your client, do you have a statement for the court?
 MR. MAXTON (retained counsel): Judge, Mr. Richardson has just given me some new information and informed me of a new decision on his part. I would defer to his statement.
THE COURT: Is there anything you wish to say, sir.
MR. MAXTON: No, Your Honor.
 THE COURT: Actually before you begin I was speaking to Mr. Richardson, is there anyone here to speak on behalf of the victims in this case? That would be Super America, K-Mart and Finast. Getting no response, is there anything you wish to say in your own behalf before I proceed to sentencing, Mr. Richardson?
 THE DEFENDANT: Yes, Your Honor. I have not been afforded the opportunity to review the evidence against me in this cause and particularly the so-called videotapes involved in the cause. I would respectfully request an order from the court specifying I be allowed an opportunity to review all of the evidence in this cause, videotapes included. I would respectfully request a continuance in this cause until such time which I may review the evidence. Thank you, Your Honor.
 THE COURT: Okay, on a prior occasion this matter was set for sentencing, and on behalf of your new counsel there was filed a motion for new trial, or excuse me, a motion to vacate plea which I indicated I would certainly grant. However, I also indicated I wouldn't take any plea bargains in the matter. I was informed that you did not wish to withdraw your plea. Time for reviewing physical evidence in the case is prior to the time of trial, but since you entered a plea of guilt in this case you will not be reviewing the evidence in this matter so we are proceeding to sentencing.
The trial judge then sentenced Mr. Richardson in Case 1 to one year in prison, in Case 2 for attempted robbery to three years in prison and in Case 3 for robbery to five years imprisonment, all concurrent.
On May 5, 1998, Mr. Richardson moved this court for a delayed appeal. To support this motion he argued first that the trial court abused its discretion and committed reversible error in failing to hold an evidentiary hearing on his motion to withdraw his guilty plea because his plea was the result of ineffective assistance of counsel. Mr. Richardson stressed the need to hold an evidentiary hearing, his claims of innocence, and the failure of his appointed counsel to investigate his case, which forced his guilty plea.
Mr. Richardson also argued that his retained counsel was ineffective, that he abandoned Mr. Richardson after the June 3 hearing and that he refused to represent Mr. Richardson on June 12, when Mr. Richardson did not pay $7,500.00 in legal fees. Indeed, retained counsel misrepresented to the court that Mr. Richardson had come to a new decision.
This court allowed the delayed appeal and appointed counsel, who argued the following sole assignment of error: "The trial court abused its discretion in refusing to allow appellant to withdraw his guilty plea prior to sentencing; furthermore the trial court erred by denying the appellant's motion to withdraw his presentence guilty plea without first holding a hearing to determine whether there existed a reasonable and legitimate basis for the withdrawal of the plea." This argument attacked the trial court's proceeding to sentence without ever expressly ruling on Mr. Richardson's motion to withdraw his plea or without ever holding a hearing to determine the motion's merits.
In a decision journalized July 19, 1999, this court upheld Mr. Richardson's guilty pleas. This court reasoned that the trial court did not abuse its discretion in failing to hold a hearing because the record indicated that Mr. Richardson had withdrawn his motion. The trial court stated: "I was informed that you did not wish to withdraw your plea." Neither Mr. Richardson nor his retained counsel objected to that statement. Neither tried to reassert the motion to withdraw the guilty plea, and neither requested a hearing on that motion. In reaching this conclusion this court stated that the principle of invited error guided its reasoning: Mr. Richardson's silence after the court made this statement would confirm to the trial court that it was correct in its thinking that he did not want to withdraw his plea, but rather wanted more time for discovery. This court also noted that a decision not to withdraw the guilty plea was rational because Mr. Richardson would then avoid more serious penalties.
On October 1, 1999, Mr. Richardson filed this timely application to reopen.
 DISCUSSION OF LAW
Mr. Richardson now argues that his appellate counsel was ineffective because he failed to argue the following assignments of error: (1) He was deprived of his right to a fair trial by an impartial and unbiased tribunal. Mr. Richardson argues that the judge must have been biased against him because she did not allow him to conduct discovery to show his innocence and because she did not put on the record how she heard that he did not then wish to withdraw his plea. (2) The trial court cannot commit error to invite an error and charge the error to the defendant. Again, Mr. Richardson attacks the judge's statement that "I was informed that you did not wish to withdraw your plea." He submits that the judge erred by not confirming the truth of that statement and by not putting the source of that statement on the record. Instead, a poor record and the defendant's silence are used against him to conclude that he really did not wish to withdraw his plea. (3) He was denied his right to effective assistance of trial counsel, when counsel failed to object to the court's failure to hold a hearing on his motion to vacate his guilty plea, and the court's reliance on extrajudicial information. Mr. Richardson maintains that his retained counsel abandoned him at the June 12 hearing and that counsel should have objected to the incomplete record at the very least.
In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990)497 U.S. 1011, 110 S.Ct. 3258.
In Strickland, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"Strickland, 104 S.Ct. at 2065.
Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jonesv. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308,3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen (1996), 77 Ohio St.3d 172,672 N.E.2d 638.
Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
In the present case Mr. Richardson's arguments on ineffective assistance of appellate counsel are not well taken. Mr. Richardson's appellate counsel was not deficient for focusing his attack on the main issues of whether the trial court abused its discretion in implicitly denying the motion to withdraw the guilty plea without a hearing, instead of evidentiary sub-issues. It is clear that Mr. Richardson's arguments are in reaction to this court's opinion, rather than on his examination of the record. In his motion for delayed appeal, he argued at great length that the trial court erred and abused its discretion in failing to hold a full and fair hearing on his motion to withdraw the guilty plea. In that motion Mr. Richardson did not mention the concept of invited error, nor did he focus on the trial judge's statement that "I was informed that you did not wish to withdraw your plea." It was only after this court discussed invited error and cited the judge's statement, that Mr. Richardson did not wish to withdraw his guilty plea, and the "new decision" mentioned by retained counsel that Mr. Richardson really raised these points as grounds for appeal. The Supreme Court of Ohio condemned such reactions in State v. Reddick
(1995), 72 Ohio St.3d 88, 90-91: "Neither Murnahan nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals." Mr. Richardson is doing exactly that by endeavoring to attack the points supporting this court's reasoning in its decision. Mr. Richardson's appellate counsel exercised reasonable professional judgment in arguing that the decisive issue in this case was whether the trial court erred by not allowing Mr. Richardson to withdraw his guilty plea. Arguing evidentiary points risked losing the forest for the trees. In doing so, appellate counsel also followed Mr. Richardson's desire that that issue be raised.[2]
Accordingly, appellate counsel was not deficient in his representation, and this court denies Mr. Richardson's application for reopening.
JUDGMENT: Application Denied.
DIANE KARPINSKI, J. and MICHAEL J. CORRIGAN, J. CONCUR
 _____________________ TERRENCE O'DONNELL PRESIDING JUDGE
[1] Throughout these proceedings Mr. Richardson filed numerouspro se motions. For example, in Case 1 he filed motions for a bill of particulars, for discovery, to suppress evidence and for a preliminary hearing.
[2] Appellate counsel also exercised reasonable professional judgment in not raising Mr. Richardson's second proposed assignment of error, that his retained trial counsel was ineffective, because Mr. Richardson had premised this argument on matters outside the record, i.e., retained counsel abandoned him because he could not or did not pay attorney's fees.