JOURNAL ENTRY AND OPINION
Brian Chauncey filed an application to reopen the judgment of this court in Village of Newburgh Heights v. Chauncey (Aug. 26, 1999), Cuyahoga App. No. 75465, unreported, which affirmed the suspension of his driver's license for one year. For the following reasons, we deny the application for reopening.
An application for reopening is timely when it is filed within ninety days of journalization of the appellate judgment. App.R. 26 (B) (1). The journalization of the appellate judgment in this case occurred on August 26, 1999. Applicant filed to reopen the judgment on June 1, 2000, clearly beyond the allotted time period. As a consequence, applicant must show good cause for his failure to file his application timely. App.R. 26 (B)(1) and (2).
Applicant contends that he could not file his application within the prescribed time period because he was unaware that a final judgment had been entered. He claims he telephoned the clerk of court monthly beginning in September, 1999, to inquire about the finalization of his appeal and did not learn until March 3, 2000, that the appellate decision had been journalized. Applicant's statements are unpersuasive, however, and do not establish good cause.
Assuming the truth of applicant's unsworn statements, applicant had other easily available means of learning the journalization date of his appeal within the ninety-day time limit. Applicant could have requested a copy of or examined the appellate docket, which is the official record in all appellate cases and which is available for inspection in the clerk of court's office. Applicant has made no showing of any effort to acquire the information regarding the journalization of his appellate decision in this regard and, most significantly, applicant provides no explanation for the additional delay of three months between the stated date of becoming aware of the final judgment, March 3, 2000, and the actual date of filing the application for reopening, June 1, 2000. Consequently, the application for reopening, being untimely filed absent good cause, is denied. State v. Winstead (1996), 74 Ohio St.3d 277, 658 N.E.2d 722;State v. Reddick (1995), 72 Ohio St.3d 88, 647 N.E.2d 784; State v. Ward
(Sept. 13, 1993), Cuyahoga App. No. 63355, unreported, reopening disallowed (Feb. 20, 1998), Motion No. 88968.
 _____________________ JOHN T. PATTON, JUDGE
 DIANE KARPINSKI, P.J. KENNETH A. ROCCO. J., CONCUR.