JOURNAL ENTRY AND OPINION
Defendant Victor Sanchez has filed an application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Sanchez (June 9, 1994), Cuyahoga App. No. 62796, unreported. In that opinion, we affirmed defendant's convictions for one count of engaging in a pattern of corrupt activity, one count of complicity to transport cocaine, one count of complicity to sell cocaine in 100 times the bulk amount, one count of possessing cocaine in 100 times the bulk amount, and one count of possessing criminal tools. We decline to reopen Sanchez's original appeal for the following reasons:
As mandated by App.R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment which is subject to reopening. State v. Cooey (1995), 73 Ohio St.3d 411, 653 N.E.2d 252;State v. Reddick (1995), 72 Ohio St.3d 88, 647 N.E.2d 784.
Here, Sanchez is attempting to reopen the appellate judgment that was journalized on June 9, 1994. He did not file his application for reopening until December 19, 2000, more than six years after journalization of the appellate judgment in State v. Sanchez, supra. Thus the application is untimely on its face.
In an attempt to establish "a showing of good cause" for this untimely filing, Sanchez asserts that such good cause consists of being "without the advantage of a clear and precise understanding of the law in Ohio," his pro-se status, as well as his failure to timely receive the transcript. This court and the Supreme Court of Ohio have firmly established that a lack of legal knowledge and lack of legal counsel are not viable grounds for establishing "good cause" for the untimely filing of an application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481, 634 N.E.2d 1027; Statev. Trammel (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (April 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995),72 Ohio St.3d 317, 649 N.E.2d 1226.
Similarly, the lack of transcripts and other legal records does not establish good cause. State v. Houston (Jan. 24, 1994), Cuyahoga Asp. No. 64574, unreported, reopening disallowed (Feb. 15, 1995), Motion No. 59344; and State v. Booker (July 23, 1993) Cuyahoga Alp. No. 62841, unreported, reopening disallowed (Dec. 30, 1996), Motion No. 78561. Accordingly, Sanchez's application is fatally defective and must be denied.
The doctrine of Res Judicata also prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204.
Herein, the Applicant possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. The Applicant, however, did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken to the Supreme Court of Ohio. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 6.
Likewise, the affidavit of Applicant which accompanies the application to reopen fails to comply with App.R. 26 (B) (2) which provides, in part:
An application for reopening shall contain all of the following:
 * * * (D) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B) (2) (c) of this rule and the maimer in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record * * *.
In his affidavit, Applicant avers that his appellate counsel was ineffective which violated his rights under the Sixth Amendment of the United States Constitution. Appellant does not state in what ways appellate counsel was deficient in respect to his assignment of errors. Accordingly, we must hold that in this case that the affidavit of the applicant does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * * App.R. 26(B)(2)(d). Applicant's failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening. See, e.g., State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, unreported, reopening disallowed (May 4, 2000). Motion No. 6308, at 4-5.
Notwithstanding the above, Sanchez fails to establish that his appellate counsel was ineffective. To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 688,80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136.538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland,104 S.Ct. at 2065.
In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error which are meritless. Barnes, supra.
Nevertheless, a substantive review of the application to reopen fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel on appeal. The applicant argues that the prosecutor committed misconduct by not disclosing the addresses of witnesses. Crim.R. 16 (E) (3) provides for the regulation of discovery in criminal cases and permits a trial court to exercise discretion in determining an appropriate sanction for a discovery violation. State v. Wiles (1991), 59 Ohio St.3d 71,571 N.E.2d 97. Courts have consistently held that where a prosecutor violates' Crim.R. 16 by failing to properly disclose evidence, a trial court does not abuse its discretion in allowing the witness to testify where the record fails to disclose (1) a willful violation of the rule, (2) that foreknowledge would have benefited the accused in the preparation of his or her defense, or (3) that the accused was unfairly prejudiced. State v. Scudder (1994), 71 Ohio St.3d 263, 643 N.E.2d 524.
In this matter, the record does not demonstrate that the court abused its discretion in allowing the witnesses to testify. In response to the defense objection, the prosecutor informed the court that he did not want to release the addresses because such release could result in these witnesses suffering physical harm In lieu of releasing the addresses, the prosecutor informed defense counsel at a pre-trial that the State of Ohio would contact each witness and bring them to the prosecutor's office for an interview by the defense. Accordingly, the failure to provide the addresses was not a willful violation of Crim.R. 16.
Secondly, foreknowledge of the witnesses' addresses would not have aided Petitioner in the preparation of his defense. This court is hard-pressed to believe that providing the addresses to the defense would have aided the defense in their preparation better than the offer made by the State of Ohio to make each witness available at the Prosecutor's office. Finally, the record fails to show that Applicant was unfairly prejudiced by these nondisclosures. Conversely, the transcript indicates that the trial' court provided defense counsel the opportunity to speak to each witness before that witness testified, and the record reflects that such conversations took place. The transcript further demonstrates that both defense counsel effectively cross-examined the witnesses. Accordingly, the Applicant was not unfairly prejudiced.
In his second assignment of error, the Applicant states that the trial court erred by allowing the State of Ohio to amend the indictment before trial. According to Crim.R. 7 (D),
 "The court may at anytime before, during, or after the trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."
In this case, the State of Ohio deleted certain language in Count I, a violation of R.C. 2923.32. Specifically, they moved to delete the term "racketeering" and replace it with "corrupt activity;" and deleted the language "in reference to 18 U.S.C. § 1961, subsection D." Such amendments did not change the name or this identity of the crime charged and, therefore, were permissible under Crim.R. 7 (D).
Accordingly, the application to reopen is denied.
DIANE KARPINSKI A.J., and KENNETH A. ROCCO J., CONCUR.