JOURNAL ENTRY AND OPINION
Defendant Aguil Zayid has filed an application for reopening pursuant to App.R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Clifford Patrick, AKA Aquil Zayid
(Aug. 17, 2000), Cuyahoga App. No. 77644, unreported. In that opinion, we affirmed defendant's convictions for one count of kidnapping and one count of attempted rape. The Supreme Court of Ohio dismissed Mr. Zayid'spro se appeal to that court. State v. Patrick (2000), 90 Ohio St.3d 1493
[Supreme Court of Ohio Case No. 00-17521. We decline to reopen Mr. Zayid's original appeal for the following reasons:
As mandated by App.R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment which is subject to reopening. State v. Cooey (1995), 73 Ohio St.3d 411, 653 N.E.2d 252;State v. Reddick (1995) 72 Ohio St.3d 88, 647 N.E.2d 784. Here, Mr. Zayid is attempting to reopen the appellate judgment that was journalized on August 28, 2000. He did not file his application for reopening until June 29, 2001; thus, the application is untimely on its face.
Mr. Zayid also fails to establish any good cause for, his untimely filing. Rather, Mr. Zayid states that his application is timely since this court did not have jurisdiction upon his filing of an appeal with the Ohio Supreme Court. Mr. Zayid's assertion is legally incorrect. Furthermore, Mr. Zayid's incorrect belief that this court was without jurisdiction to reopen the appeal does not establish good cause. The Supreme Court of Ohio has firmly established that a lack of legal knowledge is not a viable ground for establishing "good cause" for the untimely filing of an application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481,634 N.E.2d 1027; State v. Trammel (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopenihg disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (April 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317, 649 N.E.2d 1226.
In a subsequent affidavit, Mr. Zayid states that he was prevented from filing a timely application because the Public Defender refused to accept his case[1] however, an application to reopen pursuant to App.R. 26(B) is, by nature, a postconviction petition. Accordingly, Mr. Zayid does not have the right to court appointed counsel to assist with such filing.State v. Darrington (Oct. 27, 2000), Cuyahoga App. No. 65588, unreported. Furthermore, the lack of counsel does not establish good cause. Klein, supra; Tramrnell, supra. Accordingly, Mr. Zayid's application is fatally defective and must be denied.
The doctrine of res judicata also prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204.
Herein, Mr. Zayid sought to appeal his case to the Supreme Court of Ohio, which denied his appeal. Because the issues of ineffective assistance of appellate counsel or the substantive issue listed in the application for reopening could have been raised, res judicata now bars re-litigation of this matter.
Notwithstanding the above, Mr. Zayid fails to establish that his appellate counsel was ineffective. To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 688,80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The Court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland,104 S.Ct. at 2065.
In regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate attorney's discretion to decide which issues he or she believes are the most fruitful arguments. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue, if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987,103 S.Ct. 3308. Additionally, appellate counsel is not required to argue assignments of error that are meritless. Barnes, supra.
Nevertheless, a substantive review of the application to reopen fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel on appeal. In this matter, petitioner states that he was incorrectly sentenced on allied offenses. According to the record, Mr. Zayid was indicted for one count of aggravated burglary, one count of kidnapping, one count of attempted rape, one count of gross sexual imposition and one count of disrupting public service. Each count also contained a sexual motivation and sexual predator specification. Pursuant to a plea agreement, Mr. Zayid pled guilty to kidnapping and attempted rape, and the remaining counts were nolled. At sentencing, the court found that there was not a separate ammus between the two charges and sentenced Mr. Zayid to seven-year sentences on each offense. The court further ordered that the sentences were to run concurrently.
This court has previously held that a defendant suffers no prejudice when he is sentenced to concurrent sentences for allied offenses. Statev. Hendrix (June 13, 1991), Cuyahoga App. Nos. 58519, 58520, unreported;State v. Styles (Oct. 9, 1997), Cuyahoga App. No. 71052, unreported. Therefore, assuming, arguendo, that Mr. Zayid established that his appellate counsel was deficient in not raising this issue, Mr. Zayid remains unable to satisfy the second prong of Strickland.
Accordingly, the application to reopen is denied.
DIANE KARPINSKI. A.J. and JAMES D. SWEENEY. J. CONCUR
[1] On July 18, 2001, Mr. Zayid filed a Motion for Leave to file an Affidavit of Good Cause for his untimely filing.