JOURNAL ENTRY AND OPINION
Timothy Oldham, the applicant, has filed an application for reopening pursuant to App.R. 26(B). Oldham is attempting to reopen the appellate judgment that was rendered by this Court in State v. Oldham (May 13, 1999), Cuyahoga App. No. 73644, unreported, which affirmed his conviction for three counts of rape, one count of kidnapping, and one count of aggravated robbery. For the following reasons, we decline to reopen Oldham's appeal.
App.R. 26(B)(2)(b) mandates that Oldham must establish "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment" which is subject to reopening. See, also, State v. Cooey (1995), 73 Ohio St.3d 411,653 N.E.2d 252; State v. Reddick (1995) 72 Ohio St.3d 88, 647 N.E.2d 784. Herein, Oldham is attempting to reopen the appellate judgment that was journalized on May 24, 1999. Oldham's application for reopening, however, was not filed until September 4, 2001, more than ninety days after journalization of the appellate judgment which affirmed his conviction for the offenses of rape, kidnapping, and aggravated robbery. Oldham has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. Thus, Oldham's application for reopening is fatally defective and must be denied. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481,634 N.E.2d 1027; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317, 649 N.E.2d 317.
In addition, the doctrine of res judicata prevents this Court from reopening Oldham's appeal. Res judicata may be applied to bar, in a criminal action, the further litigation of issues that were previously raised or could have been raised through an appeal. State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Claims of ineffective assistance of appellate counsel may be barred by the doctrine of resjudicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
In the case sub judice, Oldham possessed a prior opportunity to challenge the effectiveness of his appellate counsel through an appeal to the Supreme Court of Ohio. In fact, Oldham did file an appeal, pro se,
with the Supreme Court of Ohio on September 12, 2001. Since the Supreme Court of Ohio dismissed Oldham's appeal on or about November 9, 2001, resjudicata now bars any further review of the claim of ineffective assistance of appellate counsel. State v. Dehler (1995), 73 Ohio St.3d 307,652 N.E.2d 987; State v. Terrell (1995), 72 Ohio St.3d 247,648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
It must also be noted that Oldham, through his third assignment of error as raised on appeal before this Court, challenged the trial court's finding of a "sexually violent predator." This Court held that:
 The state conceded that Oldham had not been convicted of sexually oriented offenses two or more times, that they had no documented history from Oldham's childhood, and that they had no evidence that Oldham chronically committed offenses with a sexual motivation. However, the evidence revealed that Oldham tortured Bailes by slapping her several times, placing his body weight on her stomach and forcing her into a position where her stomach was compressed for extended periods of time, and repeatedly raping her over a span of three hours. There was also a statement given by Robert Cratic to the police that he feared for his life and Bailes' life during the incident. We conclude the trial court had sufficient evidence upon which to base its conclusion that Oldham was a sexually violent predator. Based upon the evidence presented, the trial court had sufficient evidence to support it finding that Oldham was a sexually violent predator. Oldham's third assignment of error is overruled.
Id., at 11.
Since the issue of whether Oldham was properly classified as a "sexually violent predator" has already been found to be without merit on direct appeal, the doctrine of res judicata once again bars this Court from reopening his direct appeal. We further find that the circumstances of this case do hot render the application of the doctrine of resjudicata unjust. State v. Dehler, supra; State v. Terrell, supra; Statev. Smith, supra.
Finally, a substantive review of the brief in support of Oldham's application for reopening fails to support the claim of ineffective assistance of appellate counsel. Appellate counsel is not required to raise and argue meritless assignments of error. Jones v. Barnes (1983),463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308. This court's consideration of the Oldham's proposed assignments of error, as raised through the application for reopening, would not have resulted in a reversal of his conviction for rape, kidnapping, and aggravated robbery. Strickland v.Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct 2052; State v.Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 209 N.E.2d 164.
Accordingly, Oldham's application for reopening is denied.
PATRICIA A. BLACKMON, P.J., and ANN DYKE, J., CONCUR.