JOURNAL ENTRY AND OPINION
Gregory Smith seeks to reopen the appellate judgment issued by this Court in State v. Smith[1] which affirmed his plea of guilty to the offenses of rape of a child under the age of thirteen (R.C. 2907.02) and kidnapping of a child for purposes of engaging in sexual conduct (R.C.2905.01). We decline to reopen his appeal.
As mandated by App.R. 26(B)(2)(b), Smith must establish a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.[2]
His application was not filed until October 19, 2001, more than ninety days after journalization of the appellate judgment. Because he failed to demonstrate "a showing of good cause" for the untimely filing of his application, it is fatally defective and must be summarily denied.[3] In addition, the doctrine of res judicata prevents this court from reopening Smith's appeal on issues that were previously raised and addressed through an appeal.[4] The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred from further review by the doctrine of res judicata unless circumstances render the application of the doctrine unjust.[5]
Smith argues that he was provided ineffective assistance of appellate counsel, which resulted in harmful prejudice, because his lawyer failed to argue the following issues on direct appeal: (1) ineffective assistance of trial counsel; (2) improper sentencing; and (3) plea of guilty did not comport with mandatory requirements of Crim.R. 11(C), because it was not made in a voluntary, knowing and intelligent manner. Each of the three issues, however, had been raised and addressed through Smith's direct appeal to this Court. Through Smith's first, second, third and fourth assignments of error, the issues of improper sentencing and a defective plea of guilty were addressed and found to be without merit. The issue of ineffective assistance of trial counsel was also raised through Smith's fifth assignment of error and found to be without merit.
We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust.[6]
The application for reopening is denied.
KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR.
[1] (March 9, 2000), Cuyahoga App. No. 75512, unreported.
[2] See, also, State v. Cooey (1995), 73 Ohio St.3d 411, 653 N.E.2d 252;State v. Reddick (1995), 72 Ohio St.3d 88, 647 N.E.2d 784.
[3] State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481, 634 N.E.2d 1027.
[4] State v. Perry (1967), 10 Ohio St.2d 175; 226 N.E.2d 104.
[5] State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.
[6] State v. Dehler (1995), 73 Ohio St.3d 307, 652 N.E.2d 987.