ON MOTION TO REOPEN APPEAL DECISION
On May 15, 2002, defendant-appellant, James O. Kachermeyer, filed an application for reopening pursuant to App.R. 26(B), seeking to reopen this court's appellate judgment in State v. Kachermeyer (1999), Franklin App. No. 99AP-439 that (1) affirmed defendant's conviction on three counts of gross sexual imposition involving his granddaughter, who was eight or nine years old at the time of the offenses, (2) affirmed the trial court's determination that defendant was a sexual predator, and (3) required defendant to serve sentences of four years for Count 1, and 12 months for Count 2 of the indictment. However, because the trial court had failed to make the findings required by R.C. 2929.19(B)(2)(c) for consecutive sentences, this court reversed the trial court's decision to have defendant serve his sentences consecutively, and remanded the matter to the trial court for resentencing. For the reasons that follow, this court denies defendant's motion for reopening.
App.R. 26(B) provides in pertinent part, as follows:
 (1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.
 (2) An application for reopening shall contain all of the following:
* * *
 (b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.
* * *
 (5) An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal.
Pursuant to App.R. 26(B)(1) and (2)(b), defendant must demonstrate a showing of good cause if the application for reopening is filed more than 90 days after journalization of the appellate judgment which is subject to reopening. See State v. Cooey (1995), 73 Ohio St.3d 411, and State v. Reddick (1995), 72 Ohio St.3d 88. Although defendant seeks to reopen the appellate judgment that was journalized by this court on December 27, 1999, defendant did not file his application for reopening until May 15, 2002, almost two and one-half years after this court's judgment entry. Because defendant's application has been filed more than 90 days after journalization of the appellate court judgment, defendant is required to establish "good cause" for the untimely filing of his application for reopening.
Defendant has failed to provide any explanation to show good cause for waiting nearly two and one-half years to file this application for delayed reopening. As a result, defendant's motion for delayed reopening is denied.
Motion denied.
BRYANT, J., TYACK, P.J., and KLATT, J., concur.