JOURNAL ENTRY AND OPINION
Lawrence Murawski, pursuant to App.R. 26(B) seeks to reopen this court's judgment in State v. Murawski[1] in which we affirmed his convictions and sentences for murder, aggravated murder, and aggravated burglary. We deny the application.
In 1995, Murawski and a friend, Scott Schrader, brutally murdered two people. After his arrest, Schrader admitted his role in the murders and implicated Murawski. He pleaded guilty to two counts of murder and agreed to testify against Murawski. Murawski's trial, however, did not begin until May 1996, and shortly before trial, Murawski's attorney received psychiatric reports on Schrader from the prosecution. He moved the court for a continuance to retain an expert to independently evaluate Schrader and whether Schrader's alcoholism, drug usage, and mental problems might impair his ability to recall and recollect the events of the murder. The judge denied the motion and proceeded to trial. On Murawski's direct appeal, his new lawyer argued, inter alia, that it was error to deny the continuance and prevent the defense from properly preparing for trial.
Murawski now argues that his appellate lawyer was ineffective because, instead of framing the issue as an abuse of discretion, his lawyer should have characterized the issue as ineffective assistance of trial counsel. He contends that his trial lawyer knew for months that Schrader, whose testimony was critical to the state's case, suffered from drug and alcohol abuse and mental problems requiring several hospitalizations in psychiatric care facilities. Adequate representation required that his trial lawyer take the initiative and obtain experts who would testify about Schrader's credibility as a witness because of his multiple substance abuse and mental problems.
In order to establish a claim of ineffective assistance of appellate counsel, Murawski must demonstrate that his lawyer's performance was deficient and that the deficient performance prejudiced the defense.[2]
In Strickland the United States Supreme Court ruled that judicial scrutiny of a lawyer's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"[3]
Specifically, on claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that reviewing judges should not second-guess reasonable professional judgments and impose on an appellate lawyer the duty to raise every "colorable" issue. Such rules would deserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen.[4]
Moreover, even if Murawski establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, he must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A court need not determine whether a lawyer's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.
In the present case Murawski's argument on ineffective assistance of appellate counsel is not well taken. First, appellate review is strictly limited to the record.[5] Without the necessary documents or proffers in the record, an appellate lawyer properly concludes that arguing the ineffective assistance of trial counsel for failure to investigate or to obtain an expert witness is a doomed argument. Establishing the ineffectiveness of a trial lawyer requires a showing of prejudice, that the outcome of the trial or hearing would probably have been different had counsel done something else. Arguing what an expert report might have shown or to what a witness might have testified requires a court to indulge in baseless speculation, which will not establish prejudice. Indeed, in the present case Murawski's lawyer, during the hearing on the motion for continuance, admitted that he did not know what an expert witness would opine about Schrader's condition and conceded that there might be nothing.[6] Therefore, Murawski's appellate lawyer was not ineffective for failing to raise this argument.[7]
Moreover, the appellate lawyer did raise the issue in terms of an error by the trial judge. Following the admonitions of the Supreme Court, this court will not second guess his strategy and tactics in deciding how to frame issues.
This court also notes that this is the third time that Murawski has raised the issue of ineffective assistance of his trial lawyer. On direct appeal he argued that he was ineffective for not calling any defense witnesses and we rejected that argument noting that there was no indication that such a decision was anything but sound trial strategy and that he had conducted a vigorous defense challenging the prosecution's witnesses.[8] Murawski also raised this issue in his petition for post-conviction relief. He argued that his trial lawyer did not inform him of his right to be present at the jury view, that he did not call alibi witnesses and that he even instructed a possible witness to hide to avoid a subpoena. In State v. Reddick[9] the Supreme Court of Ohio stated: "Neither Murnahan nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals."
A review of the application itself establishes that Murawski has exceeded the ten-page limitation established by App.R. 26(B)(4). This defect provides another independent reason for dismissing the application.[10]
Accordingly, this application to reopen is denied.
PATRICIA ANN BLACKMON, P.J., AND ANN DYKE, J., CONCUR.
[1] State v. Murawski (July 17, 1997), Cuyahoga App. No. 70854.
[2] Strickland v. Washington (1984), 466 U.S. 668, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258.
[3] Strickland, 104 S.Ct. at 2065.
[4] 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.
[5] The Warder, Bushnell Glessner Co. v. Jacobs (1898), 58 Ohio St. 77,50 N.E. 97; Carran v. Soline Co. (1928), 7 Ohio Law Abs. 5 and RepublicSteel Corp. V. Sontag (1935), 21 Ohio Law Abs. 358.
[6] Tr. Transcript at pages 15 and 19.
[7] State v. Shepherd, Cuyahoga App. No. 80104, 2002-Ohio-3445.
[8] State v. Murawski (July 17, 1997), Cuyahoga App. No. 70854, slip at pg. 11.
[9] 72 Ohio St.3d 88, 90-91, 1995-Ohio-249, 647 N.E.2d 784.
[10] State v. Graham (June 1, 1975), Cuyahoga App. No. 33350, reopening disallowed (July 21, 1994), Motion No. 52742; State v. Schmidt (Dec. 5, 1991), Cuyahoga App. No. 57738, reopening disallowed (Aug. 10, 1994), Motion No. 42174; State v. Peeples (Dec. 22, 1988), Cuyahoga App. No. 54708, reopening disallowed (Aug. 24, 1994), Motion No. 54080, affirmed (1994), 71 Ohio St.2d 349, 643 N.E.2d 1112 and State v. Caldwell,
Cuyahoga App. No. 44360, 2002-Ohio-2751.