JOURNAL ENTRY AND OPINION
John Leone, the applicant, has filed an application for reopening pursuant to App.R. 26(B). Leone is attempting to reopen the appellate judgment that was rendered by this Court in State v. Leone (Feb. 24, 2000), Cuyahoga App. Nos. 75871, 75872, 74873, 75874, unreported, which affirmed his plea of guilty to seven counts of corrupting another with drugs (R.C. 2925.02), ten counts of trafficking in drugs (R.C. 2925.03), five counts of drug abuse (Etc. 2925.11), one count of engaging in a pattern of corrupt activity (R.C. 2923.32), and one count of felonious assault (R.C. 2903.13). For the following reasons, we decline to reopen Leone's appeal.
App.R. 26(3)(2)(b) provides that Leone must demonstrate "a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment;' which is subject to reopening. See, also, State v. Cooey (1995), 73 Ohio St.3d 411,653 N.E.2d 252; State v. Reddick (1995), 72 Ohio St.3d 88, 647 N.E.2d 784. Herein, Leone is attempting to reopen the appellate judgment that was journalized on March 6, 2000. Leone's application for reopening, however, was not filed until June 11, 2001, more than ninety days after journalization of the appellate judgment which affirmed his plea of guilty to the offenses of corrupting another with drugs, trafficking in drugs, drug abuse, engaging in a pattern of corrupt activity, and felonious assault. Leone has failed to establish "a showing of good cause" for the untimely filing of his application for reopening. Thus, Leone's application for reopening is fatally defective and must be denied. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481, 634 N.E.2d 1027; State v. Trammell
(July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317,649 N.E.2d 1226.
Notwithstanding the fact that the application for reopening is untimely filed, a substantive review of Leone's proposed assignment of error fails to demonstrate that "there exists a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26 (3) (5).
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two-prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25.
Leone's proposed assignment of error, in support of his application for reopening, is:
 APPELLATE COUNSEL WERE INEFFECTIVE WHEN THEY FAILED TO ARGUE THAT PETITIONER'S PLEA WAS INVOLUNTARY BECAUSE THE TRIAL COURT JUDGE FAILED TO ADVISE HIM OF THE MAXIMUM SENTENCE TO WHICH HE WAS EXPOSED BY ENTERING A PLEA OF GUILTY, AND BECAUSE HE WAS MISINFORMED BY THE COURT AND PROSECUTOR ABOUT THE MAXIMUM SENTENCE UNDER THE PLEA AGREEMENT.
Leone, through his proposed assignment of error, argues that appellate counsel failed to argue on appeal the issue of a knowing and voluntary plea of guilty vis-a-vis the aggregate minimum actual sentence of incarceration that he was to receive upon entering a plea of guilty. This proposed assignment of error lacks merit since the issue has previously been raised and rejected upon direct appeal. This Court, through the sole assignment of error as raised on direct appeal, examined in great detail whether Leone entered a knowing and voluntary plea of guilty. Specifically, this Court fully examined the issue of the aggregate minimum actual sentence of incarceration and opined that.
 We find, as did the trial court, that defendant was given a full Crim.11 hearing prior to entering his plea. The record reflects that the trial court thoroughly explained each of the twenty-four counts and their penalties prior to defendant's plea. The court also fully explained each of defendant's constitutional rights in accordance with Crim.R. 11(C), including his right to a bench trial. It is also clear from the record that defendant was repeatedly advised prior to his plea that he faced eighteen years actual incarceration. Mr. Gold testified that he told defendant that the State would not offer anything less than eighteen years. Furthermore, defendant acknowledged that he had the prosecutor's chart in front of him at the time of the plea which clearly showed that count one carried a twelve-year actual term of incarceration and count two carried six years actual incarceration. Accordingly, there was no confusion in the record that defendant was to receive eighteen years actual incarceration. (Emphasis added).
State v. Leone, supra, at 11.
It must also be noted that Leone raised the issue of a lack of understanding of the real impact of his plea agreement upon appeal to the Supreme Court of Ohio. Leone, through his memorandum in support of jurisdiction, specifically argued that he thought that the trial court was going to impose a sentence of nine years of incarceration and was completely "without any clear idea as to the real impact of his plea agreement." See Leone's memorandum in support of jurisdiction as filed with the Supreme Court of Ohio on April 3, 2000. The Supreme Court of Ohio, however, dismissed Leone's appeal on June 14, 2000.
The doctrine of res judicata prevents this Court from once again reviewing the issue of whether Leone entered a voluntary and knowing plea of guilty since the issue was previously raised before this Court as well as the Supreme Court of Ohio. State v. Dehler (1995), 73 Ohio St.3d 307,652 N.E.2d 987; State v. Terrell (1995), 72 Ohio St.3d 247,648 N.E.2d 1353; State v. Smith (Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793. We further find that the application of the doctrine of resjudicata is just. Finally, Leone was not deprived of effective assistance of appellate counsel. Strickland v. Washington, supra; Jones v. Barnes
(1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987; State v. Smith
(1985), 17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 209 N.E.2d 164.
Accordingly, we deny Leone's application for reopening.
COLLEEN CONWAY COONEY, J., and TERRENCE O'DONNELL, J., CONCUR.