JOURNAL ENTRY and OPINION
The applicant, Scott Stockwell, through counsel, has filed an application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in Statev. Stockwell (July 26, 2001), Cuyahoga App. No. 78501, unreported. In his application, Stockwell proposes two assignments of error:
 I. THE TRIAL COURT VIOLATED STOCKWELL'S RIGHT TO DUE PROCESS AND A FAIR TRIAL WHEN IT ADMONISHED WITNESS JONES, HAD HIM ARRESTED AND THEN INSISTED HE TAKE THE WITNESS STAND IN JAIL GARB TO PLEAD THE FIFTH AMENDMENT IN THE JURY'S PRESENCE.
 II. TRIAL COUNSEL WAS INEFFECTIVE IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION FOR FAILING TO MOVE FOR A MISTRIAL.
On December 5, 2001, the State of Ohio, through the Cuyahoga County Prosecutor's Office, filed a memorandum of law in opposition to the application for reopening. Thereafter, on December 17, 2001, the applicant, through counsel, filed a reply to the State's brief in opposition, as well as a motion to accept appellant's application for reopening as timely filed. For the below reasons, we decline to reopen applicant's appeal.
Stockwell was indicted by the Cuyahoga County Grand Jury for: (1) possession of cocaine in an amount exceeding 1,000 grams with a specification that he was a major drug offender; (2) fleeing and eluding after the commission of a felony; and (3) possession of criminal tools. A jury found him guilty of all charges. On direct appeal, this court reversed in part, vacated in part, and remanded the matter for resentencing. See State v. Stockwell, supra. On September 10, 2001, the State appealed to the Ohio Supreme Court, but the appeal was dismissed as not involving any constitutional question. The applicant did not file an appeal with the Ohio Supreme Court.
As mandated by App.R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment. State v. Cooey (1995),73 Ohio St.3d 411, 653 N.E.2d 252; State v. Reddick (1995),72 Ohio St.3d 88, 647 N.E.2d 784.
The appellate judgment in State v. Stockwell, supra, was journalized on August 6, 2001. Accordingly, for Stockwell's application to be considered timely, it needed to be filed on or before November 5, 2001. However, Stockwell's application was not filed until November 20, 2001. Thus, the application is untimely on its face.
In an attempt to establish "a showing of good cause," Stockwell's counsel filed a motion instanter to accept appellant's application for reopening as timely. In an affidavit in support of the motion, counsel states that she "completed the application for reopening and gave it to (her) secretary on Friday, November 2, 2001, with the instructions that it needed to be filed on Monday, November 5, 2001. Due to clerical and oversight errors, the application was sent by regular mail, rather than overnight service, to the Common Pleas Clerk's Office." However, we do not find that this explanation establishes good cause. Simple attorney neglect is not a reason for excusing a litigant's failure to comply with time requirements. State ex rel. Lindenschmidt v. Board off Commissionersoff Butler County (1995), 72 Ohio St.3d 464, 650 N.E.2d 1343. Accordingly, Stockwell's application is fatally defective and must be denied.
The doctrine of res judicata also prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204.
Herein, Stockwell possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Ohio Supreme Court. However, he did not file an appeal with the Supreme Court and has further failed to provide this court with any valid reason why no appeal was taken to the Ohio Supreme Court. State v. Hicks
(Oct. 28, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994),70 Ohio St.3d 1408, 637 N.E.2d 6.
Notwithstanding the above, Stockwell fails to establish that his appellate counsel was ineffective. In order for the court to grant the application for reopening, Stockwell must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, the Ohio Supreme Court held that the two-prong analysis found inStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). The applicant must prove that his counsel was deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful.
Thus, the applicant bears the burden of establishing that there was a "genuine issue" as to whether there was a "colorable claim" of ineffective assistance of counsel on appeal. State v. Spivey (1998),84 Ohio St.3d 24, 25, 701 N.E.2d 696. To establish such a claim, the applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense. Strickland v. Washington (1984),466 U.S. 688, 80 L.Ed.2d 674, 104 S.Ct. 2052; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011,110 S.Ct. 3258.
Finally, a substantive review of the application to reopen fails to demonstrate that there exists any genuine issue as to whether Stockwell was deprived of the effective assistance of appellate counsel. Neither of the two proposed assignments of error would have resulted in a reversal of the applicant's conviction. Strickland, supra; State v. Smith (1985),17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 209 N.E.2d 164.
In his first assignment of error, Stockwell claims to have been denied due process and a fair trial when the court admonished witness Jones, had him arrested, and then insisted he take the witness stand in jail garb to plead the fifth amendment in the jury's presence. When constitutional rights are implicated, in order to be deemed nonprejudicial, the court must find that such error is harmless beyond a reasonable doubt. Chapmanv. California (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. Such evidence is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of the defendant's guilt. State v. Williams (1983), 6 Ohio St.3d 281,452 N.E.2d 1323; State v. Gilmore (1986), 28 Ohio St.3d 190,503 N.E.2d 147; State v. Rahman (1986), 23 Ohio St.3d 146, 492 N.E.2d 401;State v. Bayless (1976), 48 Ohio St.2d 73, 357 N.E.2d 1035; State v.Jeffries (Aug. 24, 2000), Cuyahoga App. No. 76905, unreported; State v.Kimbrough (Aug. 17, 2000), Cuyahoga App. No. 76517, unreported; City ofParma v. Cosic (Mar. 30, 2000), Cuyahoga App. No. 76034, unreported;State v. Walker (Nov. 4, 1999), Cuyahoga App. No. 74773, unreported;State v. Johnson (Nov. 12, 1999), Cuyahoga App. No. 57790, unreported;State v. Reese (Jan. 7, 1988), Cuyahoga App. Nos. 53115, 53116, unreported.
In the matter sub judice, after reviewing the testimony of the State's remaining witnesses, Karen Ratliff, Greg Broderson, David Jacobs, and Jamal Ansari, we find that this evidence constituted overwhelming proof of the defendant's guilt. Accordingly, the alleged error was harmless beyond a reasonable doubt and Stockwell was not prejudiced.
In the second assignment of error, Stockwell claims that trial counsel was ineffective in violation of the Sixth andFourteenth Amendments to the United States Constitution for failing to move for a mistrial. We do not find this argument to be persuasive.
In Strickland, the United States Supreme Court stated that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is too tempting for a defendant to second-guess his attorney after conviction and that it would be all too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland,104 S.Ct. at 2065. Debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. State v. Clayton
(1980), 62 Ohio St.2d 45, 402 N.E.2d 1189. In this matter, counsel's decision not to request a mistrial is presumed to be trial strategy which this court will not second-guess.
Accordingly, the application to reopen is denied.
TIMOTHY E. McMONAGLE, A.J. and JAMES D. SWEENEY, J. CONCUR