JOURNAL ENTRY and OPINION
The applicant, Jose Sanchez, has filed an application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Sanchez (June 9, 1994), Cuyahoga App. No. 62797, unreported. In that opinion, we affirmed defendant's convictions following a jury trial for engaging in a pattern of corrupt activity, complicity in preparing cocaine for distribution, selling and possessing cocaine in an amount exceeding 100 times the bulk amount, and possessing criminal tools. For the following reasons, we decline to reopen Sanchez's original appeal.
As mandated by App.R. 26(B)(2)(b), an application for reopening must be filed within ninety days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment. State v. Cooey (1995),73 Ohio St.3d 411, 653 N.E.2d 252; State v. Reddick (1995),72 Ohio St.3d 88, 647 N.E.2d 784.
Sanchez is attempting to reopen the appellate judgment that was journalized on June 20, 1994. He did not file his application for reopening until December 19, 2000, more than six years after journalization of the appellate judgment in State v. Sanchez, supra. Accordingly, the application is untimely on its face.
In an attempt to establish good cause for this untimely filing, Sanchez aruges he lacks the ability to understand the law; he is acting pro-se; and he failed to timely receive the trial transcript. This court and the Supreme Court of Ohio have firmly established that a lack of legal knowledge and lack of legal counsel are not viable grounds for establishing "good cause" for the untimely filing of an application for reopening. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481, 634 N.E.2d 1027; State v. Trammel
(July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Travis (April 5, 1990), Cuyahoga App. No. 56825, unreported, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317,649 N.E.2d 1226.
Similarly, the lack of transcripts and other legal records does not establish good cause. State v. Houston (Jan. 24, 1994), Cuyahoga App. No. 64574, unreported, reopening disallowed (Feb. 15, 1995), Motion No. 59344; and State v. Booker (July 23, 1993), Cuyahoga App. No. 62841, unreported, reopening disallowed (Dec. 30, 1996), Motion No. 78561. Accordingly, Sanchez's application is fatally defective and must be denied.
The doctrine of Res Judicata also prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry
(1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v.Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. In this matter, we do not find the application of res judicata to be unjust.
Sanchez possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. Sanchez, however, did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken to the Supreme Court of Ohio.State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 6.
Likewise, the affidavit of Applicant which accompanies the application to reopen fails to comply with App.R. 26(B)(2) which provides, in part:
An application for reopening shall contain all of the following:
* * *
 (D) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and reference to the record * * *.
In his affidavit, Sanchez avers "that he relied upon the advice and competence of his appellant counsel which resulted in him suffering a fundamental miscarriage of injustice from his ineffectiveness for failing to bring up the meritorious claims now presented before the appellate court [sic]." However, Sanchez does not state in what ways appellate counsel was deficient in respect to his assignment of errors. Accordingly, we must hold that Sanchez's affidavit does not set forth "the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d). Sanchez's failure to comply with App.R. 26(B)(2)(d) is a sufficient basis for denying the application for reopening. See, e.g.,State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, unreported, reopening disallowed (May 4, 2000), Motion No. 6308, at 4-5.
Notwithstanding the above, in order for the Court to grant the application for reopening, Sanchez must establish that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issue he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus, [applicant] bears the burden of establishing that there was a "genuine issue" as to whether there was a "colorable claim" of ineffective assistance of counsel on appeal.
State v. Spivey (1998), 84 Ohio St.3d 24, 701 N.E.2d 696, at 25. To establish such claim, applicant must demonstrate that counsel's performance was deficient and that deficiency prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 688, 80 L.Ed.2d 674,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258. Sanchez fails to establish any such deficiency.
Nevertheless, a substantive review of the application to reopen fails to demonstrate that there exists any genuine issue as to whether applicant was deprived of the effective assistance of appellate counsel. In his application to reopen, Sanchez raises two assignments of error. The first assignment of error states that "appellant counsel failed to raise and argue that there was prosecutorial misconduct concerning the witnesses in the case [sic]." The second assignment of error concerns the amendment of the indictment pursuant to Crim.R. 7(d).
We note that Sanchez raises the identical issues that were raised inState v. Sanchez (June 9, 1994), Cuyahoga App. No. 62796, unreported, reopening disallowed (Aug. 16, 2001), Motion No. 23717. In that matter, we found that the assignments of error of Sanchez's co-conspirator did not warrant the reopening of his appeal. In the matter, sub judice,
Sanchez fails to provide any additional reasons or argument which would support the reopening of his appeal.
Accordingly, the application to reopen is denied.
KENNETH A. ROCCO, P.J., and DIANE KARPINSKI, J., CONCUR.