JOURNAL ENTRY AND OPINION
{¶ 1} Mark Merriweather has filed an application for reopening pursuant to App.R. 26(B). Merriweather is attempting to reopen the appellate judgment rendered by this court in State v. Merriweather (Mar. 28, 1991), Cuyahoga App. No. 58089, which affirmed his conviction for the offense of aggravated murder with a firearm specification. For the following reasons, we decline to reopen Merriweather's appeal.
 {¶ 2} As mandated by App.R. 26(B)(2)(b), Merriweather must establish "a showing of good cause" for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment which is subject to reopening. See, also, State v.Cooey (1995), 73 Ohio St.3d 411, 653 N.E.2d 252; State v. Reddick
(1995), 72 Ohio St.3d 88, 647 N.E.2d 784. In the case at bar, Merriweather is attempting to reopen the appellate judgment journalized on April 8, 1991. Merriweather's application for reopening, however, was not filed until November 27, 2002, more than ninety days after journalization of the appellate judgment affirming his conviction for the offense of aggravated murder with a firearm specification. Merriweather has failed to demonstrate "a showing of good cause" for the untimely filing of his application for reopening. Thus Merriweather's application for reopening is fatally defective and must be summarily denied. Statev. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481,634 N.E.2d 1027; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v.Travis (Apr. 5, 1990), Cuyahoga App. No. 56825, reopening disallowed (Nov. 2, 1994), Motion No. 51073, affirmed (1995), 72 Ohio St.3d 317,649 N.E.2d 317.
 {¶ 3} In addition, the doctrine of res judicata prevents the court from reopening Merriweather's appeal. Errors of law previously raised on appeal or that could have been raised upon appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally,State v. Perry (1967), 10 Ohio St.2d 175, paragraph one of the syllabus,226 N.E.2d 104. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
 {¶ 4} Merriweather possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel upon appeal to the Supreme Court of Ohio. Merriweather, however, failed to file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any reason as to why no such appeal was taken to the Supreme Court of Ohio. Thus, we find that res judicata prevents further review of Merriweather's claim of ineffective assistance of appellate counsel. State v. Hick (Oct. 28, 1982), Cuyahoga App. No. 44456, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 6.
 {¶ 5} Finally, a substantive review of Merriweather's application for reopening fails to disclose the existence of ineffective assistance of appellate counsel. Merriweather claims that his appellate counsel was ineffective for failing to raise on appeal the issue of improper waiver of the right to a jury trial. Specifically, Merriweather argues that the waiver of his right to a jury trial did not comport with the requirements of R.C. 2945.05 and the opinion of the Supreme Court of Ohio as rendered in State v. Pless (1996), 74 Ohio St.3d 333, 658 N.E.2d 766.
 {¶ 6} The argument, as presently raised by Merriweather, has been previously raised through numerous other applications for reopening and found to be without merit. See State v. D'Ambrosio (Aug. 30, 1990), Cuyahoga App. No. 57488, reopening disallowed (Nov. 2, 2001), Motion No. 29436; State v. Kurincic (Nov. 30, 1995), Cuyahoga App. No. 68246, reopening disallowed (Aug. 14, 1996), Motion No. 71617; State v. Munici
(Nov. 30, 1987), Cuyahoga App. No. 52579, reopening disallowed (Aug. 21, 1996), Motion No. 68671; State v. Canitia (June 17, 1993), Cuyahoga App. Nos. 62492 and 62639, reopening disallowed (Aug. 29, 1996), Motion No. 71997; State v. Bekovich (Apr. 10, 1986), Cuyahoga App. Nos. 50058, 50068, and 50118, reopening disallowed (Oct. 28, 1996), Motion No. 73125.
 {¶ 7} It must also be noted that a review of the record in Statev. Merriweather (Mar. 28, 1991), Cuyahoga App. No. 58089, demonstrates that the trial court complied with the requirements of R.C. 2945.05 and controlling case law in existence in 1989. The transcript of Merriweather's trial clearly shows a voluntary and knowing waiver of the right to a jury trial:
 {¶ 8} "THE COURT: Mr. Peterson, I can appreciate your argument, and nonetheless, with the exception of the jury waiver, the Court had before it all the arguments that have been made now when it originally overruled the motion for separate trials. If that was a close question at the time, it is still close with jury waivers in the case.
 {¶ 9} "The Court intends to keep in mind, keep forefront in its mind the avoidance of having any spill over from statements which may be an admission by one party but hearsay as to another party.
 {¶ 10} "And, I expect that counsel will do a very good job of arguing those points at the appropriate time.
 {¶ 11} "The motion again will be overruled.
 {¶ 12} "Now, I noted as well that there are jury waivers that have been signed and filed as to both defendants. I would like to inquire of Mr. Merriweather and Mr. Poston.
 {¶ 13} "First, Mr. Merriweather, did you sign this jury waiver yourself, sir?
 {¶ 14} "MR. MERRIWEATHER: Yes, I did, sir.
 {¶ 15} "THE COURT: When you signed this jury waiver, were you aware that under the Constitution and laws of the United States and the State of Ohio, that you have an absolute right to have this case tried to a jury rather than to the Court?
 {¶ 16} "MR. MERRIWEATHER: Yes.
 {¶ 17} "THE COURT: A jury of twelve men and woman?
 {¶ 18} "MR. MERRIWEATHER: Yes.
 {¶ 19} "THE COURT: And were you aware that if this case was tried to a jury you could not be found guilty except by a unanimous verdict of all twelve men and women?
 {¶ 20} "MR. MERRIWEATHER: Yes. I was.
 {¶ 21} "THE COURT: And nonetheless, you voluntarily and willingly waive that right and decide to have this case tried to the court without a jury, is that correct?
 {¶ 22} "MR: MERRIWEATHER: Yes"
 {¶ 23} Tr. Vol. I, P. 9.
 {¶ 24} Further review of the record demonstrates that on April 10, 1989 the trial court journalized an entry which reflected that Merriweather voluntarily and knowingly waived his right to a jury trial:
 {¶ 25} "Now comes the prosecuting attorney on behalf of the state and defendant, Mark Merriweather, in open court, represented by counsel and was fully advised of his constitutional right, including his right to trial by jury.
 {¶ 26} "Defendant voluntarily and knowingly executed a defendant's waiver of jury trial.
 {¶ 27} "Case being tried to the court.
 {¶ 28} "On trial. Progress."
 {¶ 29} Following the prior opinions rendered by this court inD'Ambrosio, Kurincic, Munici, Canitia, and Bekovich and considering the fact that Merriweather executed a voluntary waiver of his right to a jury trial, we once again find that appellate counsel cannot be declared ineffective for failing to anticipate the future development of the law in the area of jury waiver. Merriweather's waiver of his right to a jury trial was proper and complied with case law in existence in 1989. Therefore, Merriweather has failed to establish that he was deprived of effective assistance of appellate counsel on appeal. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; Statev. Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 209 N.E.2d 164.
 {¶ 30} Accordingly, Merriweather's application for reopening is denied.
ANN DYKE, P.J., and COLLEEN CONWAY COONEY, J., concur.